21-903-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-one.

PRESENT:     PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
             DENNY CHIN,
                        *Circuit Judges.*

---

4FS FAMILY, INC., USHA PRAKASH, SWAYAM PRAKASH,

        *Lead Plaintiffs-Appellants,*        21-903-cv

JOSEPH ACERNO,

        *Plaintiff,*

        v.

MARTIN EMILIANO ESCOBARI LIFCHITZ, JARED WILSON, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, XP INVESTMENTS US, LLC, ITAU BBA USA SECURITIES, INC., BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, XP INC.,

        *Defendants-Appellees,*

ITB HOLDING BRASIL PARTIPACOES LTDA., GUILHERME DIAS FERNANDES BENCHIMOL, BRUNO

CONSTANTINO ALEXANDRE DOS SANTOS, FABRICIO
CUNHA DE ALMEIDA, GABRIEL KLAS DA ROCHA LEAL,
GUILHERME SANTANA MONTEIRO DA SILVA, JULIO
CAPUA RAMOS DA SILVA, GERALDO JOSE CARBONE,
FRANCISCO EDUARDO DE ALMEIDA PINTO, MARIA
HELENA DOS SANTOS FERNANDES DE SANTANA,
BERNARDO AMARAL BOTELHO, XP CONTROLE
PARTIPACOES S.A., GERALDO TRAVAGLIA FILHO,
CARLOS ALBERTO FERREIRA FILHO,

*Defendants.*

IN RE: XP INC. SECURITIES LITIGATION.[*]

---

| | |
|---|---|
| **FOR LEAD PLAINTIFFS-APPELLANTS:** | JACOB A. GOLDBERG (Leah Heifetz-Li, *on the brief*), The Rosen Law Firm, P.A., Jenkintown, PA (Laurence J. Hasson, Joseph R. Seidman, Jr., Bernstein Liebhard LLP, New York, NY, *on the brief*). |
| **FOR DEFENDANTS-APPELLEES:** | ANTONIO J. PEREZ-MARQUES (Daniel J. Schwartz, Craig J. Bergman, Esther C. Townes, *on the brief*), Davis Polk & Wardwell LLP, New York, NY, *for Martin Emiliano Escobari Lifchitz, Jared Wilson, XP Investments US, LLC, XP Inc.* |
| | Jed Schwartz (Scott A. Edelman, Kindgar Prussien, *on the brief*), Milbank LLP, New York, NY, *for Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Itau BBA USA Securities, Inc., BofA Securities, Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, UBS Securities LLC.* |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs allege that the registration statement of XP Inc. ("XPI"), a Brazilian financial products and services provider, misleadingly omitted material operating errors or system failures and exposure to civil lawsuits. Plaintiffs brought claims under Sections 11, 12(a)(2), and 15 of the Securities Act. 15 U.S.C. §§ 77k, 77*l*(a)(2), 77o. The District Court granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that neither alleged omission was materially misleading. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim on which relief can be granted, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Section 11 and Section 12(a)(2) "impose[ ] liability for a material misstatement of fact or an omission to state a fact that renders a statement made materially misleading." *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014).[1] Where a fact was omitted, "disclosure is required when necessary to make statements made, in light of the circumstances under which they were made, not misleading." *Id.* (alterations and internal quotation marks omitted) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37 (2011)).

Plaintiffs allege that XPI's registration statement misleadingly omitted that over three years it incurred expenses of roughly R$100 million due to operating errors and system failures. In its Brazilian disclosure, a subsidiary of XPI described these errors as a "result of indemnities paid to customers . . . derived from errors in the execution of orders or failures of the systems or of people." App'x 60–61. In its registration statement, by contrast, XPI characterized the same expenses in three categories: "other operating expenses – legal proceedings and agreement with

---

[1] Section 15 "provides that every person who controls any person liable under Section[s] [11 or] 12(a)(2) shall also be liable jointly and severally with and to the same extent as such controlled person." *Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 99 (2d Cir. 2017) (alterations and internal quotation marks omitted); *see also* 15 U.S.C. § 77o.

3

customers," "operating costs – operating losses and provisions," and "operating costs – other costs." *Id.* at 66.

Plaintiffs fail to allege facts allowing us "to draw the reasonable inference that" this difference rendered XPI's registration statement misleading. *Iqbal*, 556 U.S. at 663. Indeed, beyond referring to the disclosure, Plaintiffs allege no facts at all about the operating errors or system failures. Plaintiffs allege that the errors disclosed in Brazil were "substantial," "systemic[,] and recurring." App'x 60. We do not credit these "conclusory" claims, which are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. The same is true of Plaintiffs' argument that these errors could "cause customer dissatisfaction and ultimately loss," Lead Pls.'-Appellants' Br. 22, which Plaintiffs did not allege in the Complaint in any case, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] party is not entitled to amend its complaint through statements made in motion papers.").

Nor do Plaintiffs plausibly allege that XPI's registration statement violated accounting standards. Plaintiffs argue that, under the relevant standards, "material" "items of income or expense" must be disclosed "separately." Lead Pls.'-Appellants' Br. 24. As discussed, Plaintiffs do not plausibly allege that XPI's operating error expenses were material, or that their disclosure across three line-items instead of one violated any applicable accounting standard.

Plaintiffs allege that XPI's registration statement misleadingly omitted its increasing exposure to civil lawsuits. XPI's registration statement, dated December 10, 2019, disclosed that as of September 30, 2019, the end of its most recent financial quarter, it was "party to 178 judicial proceedings of a civil nature totaling R$69 million," where the likelihood of loss was "possible." App'x 70, 325. For the end of the following quarter, XPI disclosed that, as of December 31, 2019, it was "party to 453 judicial proceedings of a civil nature totaling R$81 million," where the likelihood of loss was "possible." *Id.* at 64.

As an initial matter, Plaintiffs failed to allege what, if any, percentage of the increase in litigation exposure occurred prior to December 10, 2019, the date of the registration statement, as opposed to the period between December 10 and the close of the quarter. This information would be critical to Plaintiffs' claim, as a company is under no duty to disclose litigation risk of which it is unaware. Plaintiffs also argue that the increase in litigation exposure is quantitatively material compared to XPI's net income of R$699 million for the nine months ending September 30, 2021. We disagree. A R$12 million increase in possible litigation exposure is 2.4% of R$699—below the 5% falsity threshold creating "a preliminary assumption" of materiality. *Nomura Holding*, 873 F.3d at 147.[2] Plaintiffs imply that we should compare XPI's total possible litigation exposure—not its

---

[2] We need not reach the Parties' dispute regarding the proper denominator for calculating the 5% threshold.

change in possible litigation exposure—to its net income. But this would make almost any change in possible litigation exposure material, even reductions in exposure. And while Plaintiffs suggest that XPI may have misstated its R$12 million increase in possible litigation exposure given the significantly larger relative increase in total cases, the Complaint does not allege as much.

We also disagree with Plaintiffs' argument that XPI's increasing exposure to civil lawsuits was a qualitatively material omission because it related to a "significant aspect" of XPI's operations. *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 719 (2d Cir. 2011). Plaintiffs argue that litigation can "cause serious problems," including "distraction from business as well as public relations problems," and that this is particularly true because the litigation involved Independent Financial Analysts ("IFAs"), the "lifeblood" of XPI. Lead Pls.'-Appellants' Br. 30. But the Complaint alleges no details about these lawsuits or their effect on XPI's business, and Plaintiffs cannot amend their Complaint by way of their briefing. *See Wright*, 152 F.3d at 178. Moreover, we have held that the mere fact that a misstatement relates to a core area of an issuer's business, without more, is insufficient to "tip the scales in favor of finding . . . material[ity]." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 391 (2d Cir. 2015). Thus, Plaintiffs have not "nudge[d]" their claim "across the line from conceivable to plausible," and their Complaint was properly dismissed. *Iqbal*, 556 U.S. at 683 (alteration omitted) (quoting *Twombly*, 550 U.S. at 570).[3]

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit.[4] For the foregoing reasons, we **AFFIRM** the March 8, 2021 order and March 9, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] For the same reasons we reject Plaintiffs' argument that XPI violated SEC Regulation S-K, Item 303. *See* 17 C.F.R. § 229.303.

[4] We need not reach Defendants' argument that Plaintiffs lack standing to bring a claim under Section 12(a)(2). *See Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir. 2006) (noting that, "[u]nlike Article III standing . . . statutory standing may be assumed for the purposes of deciding whether the plaintiff otherwise has a viable cause of action").